IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION
FILED
June 3, 2005
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| MICHAEL DANIELS, ) | |
| TDCJ No. 535750, ) | |
|     Plaintiff, ) | |
| ) | 7:04-CV-100-R |
| v. ) | |
| ) | |
| G. CONTRERAS, *et al.*, ) | |
|     Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Came on this day to be considered Defendants' Motion for Summary Judgment and Plaintiff's response thereto and the Court finds and orders as follows:

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. Defendants are officers at the Allred Unit. On May 18, 2004, questions were issued to Plaintiff to obtain additional factual information for screening purposes. *See 28 U.S.C. § 1915.* His answers to the Court's questions were filed on June 8, 2004. Thereafter, process was issued, an answer was filed by Defendants and the case was set for trial.

Plaintiff claims that, on November 19, 2003, Defendant Contreras used excessive force when, after a verbal altercation, he broke Plaintiff's jaw in two places by punching and kicking him in the face. *Complaint ¶ V; Plaintiff's Answers to the Court's Questions No. 1, 4 & 9-11.* Daniels claims that Defendant Otto restrained him while Contreras kicked his face. *Id.* Defendants deny Plaintiff's allegations and claim that Contreras acted in self-defense. They argue that the force used was necessary because Daniels refused to comply with an order to face the wall, became belligerent and then assaulted Defendant Contreras by punching him in the face. *Defendants' Brief in Support*

*of Their Motion for Summary Judgment p. 2 (hereinafter "Defendants' Brief in Support p. ___").* Defendants further argue that, in light of Plaintiff's disruptive behavior, the force used against him was objectively reasonable which entitles Defendants to qualified immunity from suit. *Id. at pp. 6-9.*

"To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm' and that he suffered an injury." *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992)). Defendants do not dispute Plaintiff's claim that he suffered a broken jaw and the medical records submitted by Defendants confirm the truth of this allegation. *Defendants' Brief in Support p. 3.* Therefore, the injury requirement has been established. In seeking to demonstrate that there is no issue of material fact for trial, Defendants rely on the TDCJ Major Use of Force Report and the Unit Incident Report in an effort to demonstrate that they did not use excessive force and that their actions were objectively reasonable under the circumstances. *Id. at pp. 5-6; Defendants' Motion for Summary Judgment Appendix A & Appendix B (hereinafter "Defendants' Appendix ___").*

Defendants first cite the conclusions made by Warden Horton in the administrative review of the use of force against Daniels. *Defendants' Brief in Support p. 5.* The Warden determined that the actions taken were consistent with TDCJ policies and procedures, that the situation was appropriately managed and that there had been no substandard employee conduct. *Defendants' Appendix B. pp. 1-2.* Defendants then cite witness statements made by other officers during the TDCJ investigation of the use of force against Daniels. *Defendants' Brief in Support pp. 5-6.* In pertinent part, the witness statements read as follows:

> **Sgt. Robert Matthews:** "I Sgt. Matthews observed offender Daniels #535750 striking Lt. Contreras. I responded along with Sgt. Otto to aid Lt. Contreras and placed said offender

on the ground. I then restrained said offender's arms while Sgt. Otto applied restraints. " *Defendants Appendix A, p.17*.

**Sgt. Aaron Otto:** "Said offender was assaulting Lt. Contreras, whom was defending himself from the offender. I immediately placed offender on the ground." *Id. at p. 19*.

**CO III Jarrod Rubenzer:** "I officer Rubenzer noticed Lt. Contreras outside in 10 Bldg walkway having trouble with I/M Daniels, Michael #535750. At this time I officer Rubenzer ran outside with camera in hand." *Id. at p. 23*.

**Sgt. Lacy Zotz:** "I noticed Sgt. Contreras was talking to a black offender. At that time the offender raised his hand and stepped towards Lt. Contreras. At that time I saw Lt. Contreras strike offender in self defense. *Id. at p. 24*.

A plain reading of Defendants' Brief in Support reveals that Warden Horton's conclusions regarding the use of force and the witness statements listed above, which were made during the TDCJ investigation, are offered in this proceeding to prove the truth of the matter asserted by each witness. Assuming *arguendo* that the statements qualify for admissibility under an exception to the hearsay rule and can be used by Defendants in the manner sought, the Court finds that the statements fail to resolve fact issues necessary for this Court to render a decision.

Sgt. Zotz states that Daniels raised his hand and then was struck by Contreras. She does not indicate that Daniels ever hit Contreras. Sgt. Matthews states that Daniels hit Contreras but does not indicate that Contreras ever hit Daniels, a fact which Defendants have conceded. Sgt Otto's statement that Daniels was assaulting Contreras who was defending himself is conclusory in nature and of little assistance to the Court in determining the facts and circumstances surrounding Plaintiff's claim that the use of force was provoked only by a verbal disagreement. Rubenzer's statement that Contreras was having trouble with Daniels is of no assistance in determining the issues at hand. And, without more evidence in support, this Court cannot rely on Warden Horton's factual determination that the use of force was acceptable.

A similar problem exists with regard to Defendant Otto. The records submitted by Defendants reflect that Otto restrained or assisted in restraining Plaintiff. *Defendants' Appendix A at pp. 17 & 19.* While the witness statements do not support Plaintiff's claim that Otto restrained him while allowing Contreras to kick him in the face, the records do not refute this claim. Therefore, based upon the current record, fact issues remain which cannot be determined by the Court at this time.

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at

2552-53; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2510-11. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56©; *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [Court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. The movant's motion for

summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56©.

The summary judgment evidence presented in this case fails to establish that there are no genuine issues of material fact for trial. Viewing the facts in a light most favorable to Plaintiff, as the Court must do at this stage of the proceedings, the Court bases this decision on the following:

Daniels claims that he was punched and kicked by Contreras for simply complaining about standing outside in the cold. *Plaintiff's Answer to the Court's Question No. 2.* He claims that Otto held him down while Contreras kicked him in the face breaking his jaw in two places. Because Defendants have not provided reliable evidence refuting these allegations the Court must find that the facts as alleged by Plaintiff preclude summary judgment on the issue of excessive force.

With regard to Defendants' claim to the defense of qualified immunity, the Court finds and orders as follows:

Government officials are entitled to qualified immunity from suit when performing discretionary functions unless their conduct violated statutory or constitutional rights, clearly established at the time of the alleged incident, of which a reasonable person would have known. *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995). The question of qualified immunity should be resolved at the earliest possible stage of litigation because it involves an entitlement to immunity from suit. *Hunter v. Bryant*, 502 U.S. 224, 226, 112 S.Ct. 534, 536 (1991); *accord Gibson*, 44 F.3d at 277. The first step in evaluating a government official's entitlement to a defense of qualified immunity is to determine both what the current applicable law is and whether it was clearly established at the time of the events giving rise to the lawsuit. *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793 (1991)). If the

plaintiff has stated a violation of a constitutional right which was clearly established at the time, the court should then determine whether a reasonable official would have understood that his or her conduct violated that right. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987).

The pleadings and summary judgment evidence submitted by the parties in this case establish that the facts relevant to a determination on the question of qualified immunity are in dispute. Plaintiff states that excessive and unnecessary force was used against him when, after he merely complained about being outside in cold weather, Contreras punched him in the mouth, then Otto restrained him on the ground while Contreras kicked him in the face several times breaking his jaw in two places. Defendants deny the allegation and claim that Daniels was being subdued after attacking Contreras.

The law related to the use of force in the prison environment is well established. "To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm' and that he suffered an injury." *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992)). When attempting to maintain or restore discipline, "[prison officials] are entitled to wide-ranging deference." *See Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998) (finding that the use of mace to quell a disturbance caused by inmates on a bus did not constitute excessive force). "The amount of force that is constitutionally permissible ... must be judged by the context in which that force is deployed." *Id.* (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)). The use of force does not constitute cruel and unusual punishment when reasonably necessary to subdue a recalcitrant prisoner. *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir.), *cert. denied*, 423 U.S. 946, 96 S.Ct. 360 (1975); *see Williams v.*

*Hoyt*, 556 F.2d 1336, 1339-40 (5th Cir. 1977), *cert. denied*, 435 U.S. 946, 98 S.Ct. 1530 (1978) (affirming jury verdict for the defendants where evidence was sufficient to show that mace was used only for the control of unruly prisoners and was, therefore, not excessive).

Assuming the truth of Plaintiff's factual allegations as set forth in his complaint, in his answers to the Court's questions and in his Response to Defendants' Motion for Summary Judgment, this Court is of the opinion that a reasonable officer would understand that punching and kicking an inmate in the face with enough force to break his jaw in two places after the inmate complained of being cold would constitute excessive force. In his verified answers to the Court's questions, Plaintiff states that he did not refuse or fail to comply with any directive given by either Defendant prior to the use of force. *Plaintiff's Answer to the Court's Question No. 5.* Under Plaintiff's version of the facts it appears that Contreras and Otto acted with nothing more than a malicious and sadistic intent to cause harm. As previously discussed, Defendants have failed to present evidence sufficient to overcome Plaintiff's factual allegations. Based upon these findings, Defendants are not entitled to qualified immunity from suit at this time.

In their final argument, Defendants assert that they are entitled to judgment with regard to Plaintiff's claims against them for monetary damages in their official capacities. To the extent that they are sued in their official capacities for monetary damages, Defendants are correct in that they are entitled to Eleventh Amendment immunity. *See Hafer v. Melo*, 502 U.S. 21, 24, 112 S.Ct. 358, 361-62 (1991). Therefore, Plaintiff's official capacity claims for monetary damages shall be dismissed. The Court notes that prospective injunctive relief against Defendants in their official capacities is a remedy remaining available to Plaintiff in this case.

For the foregoing reasons, Defendants' motion for summary judgment on Plaintiff's excessive force claim is DENIED; Defendants' motion for summary judgment on the basis of qualified immunity is DENIED, and; Defendants' motion for summary judgment as to claims for monetary damages against them in their official capacities is GRANTED and such claims are hereby dismissed with prejudice.

A copy of this order shall be transmitted to Plaintiff and to Counsel for Defendants.

SO ORDERED this 3rd day of June, 2005.

*/s/ Jerry Buchmeyer*

JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE